**Joann Peterson KEEFER, Appellant,**

v.

**David KEEFER, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 1999.

Filed Nov. 19, 1999.

William D. Garvin, McKeesport, for appellant.

Vicent P. Szeligo, Pittsburgh, for participating parties.

Carl Harvison, Pittsburgh, for participating party.

Before FORD ELLIOTT, ORIE MELVIN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶1 Joann Peterson Keefer appeals an order dismissing one complaint and a portion of another, issued by the Court of Common Pleas of Allegheny County. After a careful review of the record, the briefs, and the trial court opinion, we quash the appeal.

¶2 Subsequent to filing for divorce, appellant filed several actions spanning three different divisions of the court of common pleas. On March 31, 1997, an administrative judge consolidated all of the actions into the original family division case. Only two of those previously individual actions are the subject of this appeal. We now discuss those two actions.

¶3 On November 4, 1996, appellant filed a complaint in the civil division ["the 1995 complaint"]. Nine months later, on July 8, 1997, appellant filed a second complaint in the civil division ["the 1997 complaint"].[1] The order instantly before this Court dismissed the 1997 complaint in its entirety and dismissed Counts IV through XIV of the 1995 complaint. Appellant asserts that the lower court erred in its dismissal. Before addressing that issue, we must first determine whether the appeal is properly before us.

■ ¶4 Generally, appeals may only be taken from final orders. A final order is any order that "(1) disposes of all claims *and* all parties; or (2) ... is expressly defined as a final order by statute; or (3) any order entered as a final order pursuant to subdivision (c) of this rule." Pa. R.A.P. 341 (emphasis added). In the instant case, we can summarily dismiss options (2) and (3). First, no statute defines this order as final. Second, subdivision (c) of Pa.R.A.P. 341 requires that the trial court make an express determination that an immediate appeal would facilitate the resolution of this case. *See id.* In the

instant case, the trial court made no such determination. Therefore, to be final, the instant order must dispose of all claims and all parties. Because consolidation affects the procedural posture of a case, we must first look to the nature and effect of the consolidation order before determining whether the instant order is a final one.

¶5 The notion of consolidation actually encompasses three distinct concepts, each having its own legal significance. *See* 1 PENNSYLVANIA LAW ENCYCLOPEDIA 2D *Actions* § 35 (1998); 1 AM.JUR.2D *Actions* § 131 (1994). Over eighty years ago, our Supreme Court recognized that courts use the term "consolidation" interchangeably when referring to several distinct procedural postures. *See Azinger v. Pennsylvania R.R. Co.*, 262 Pa. 242, 105 A. 87, 87–88 (1918). The Court in *Azinger* ultimately found that the "consolidation" order before it fell into what has become known as the "joint trial" category. More importantly, that Court noted that "consolidation" also encompasses the idea that several actions may merge into a single action. *See id.* In keeping with that precept, Pennsylvania defines consolidation as:

In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order ["(1)"] a joint hearing or trial of any matter in issue in the actions, ["(2)"] may order the actions consolidated, and ["(3)"] may make orders that avoid unnecessary cost or delay.

Pa.R.C.P. 213(a). Methods (1) and (2) are of immediate import.

■ ¶6 When several cases are joined before a single judge for a joint hearing or trial, as under method (1), each case remains distinct and maintains its own iden-

---

1. Adding to the procedural confusion, appellant, much to the consternation of the trial judge, filed the 1997 complaint several months after the consolidation order had been entered. *See* trial court opinion, 6/1/99

at 5–6 ("[B]ut for Wife's flagrant disregard for the Rules of Civil Procedure, the 1997 Complaint should never have been filed without leave of court.").

tity. *See Corbett v. Weisband*, 380 Pa.Super. 292, 551 A.2d 1059, 1062–63 (1988). Moreover, "[w]hen separate actions are consolidated for trial, each action retains its separate character. Each has its separate docket entries, and each produces its own verdict and judgment." *Roznowski v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 343 Pa.Super. 7, 493 A.2d 775, 777–78 (1985).[2] An order affecting any one of those individual cases must be closely scrutinized to determine its finality. If such an order disposes of *"all claims and all parties"* in any single case, then the order is final and therefore proper for immediate appeal. *See* 3 STANDARD PENNSYLVANIA PRACTICE 2d § 19:18.

¶ 7 When a judge orders several cases consolidated under method (2), the individual cases shed their separate identities and merge into a single action. Thus, "where two actions are consolidated pursuant to Pa.R.C.P. 213(a) only one action retains its identity and the others are absorbed by it." *Mosside Assoc. v. Zoning Hearing Bd.*, 70 Pa.Cmwlth. 555, 454 A.2d 199, 201 (1982) (citing 1 Goodrich–Amram 2d § 213(a):1 (1976)); *see also* 3 STANDARD PENNSYLVANIA PRACTICE 2d § 19:8. This union is significant in that when one or more of the formerly individual actions are dismissed, with at least one or more claims surviving the dismissal, the order is merely interlocutory and cannot be appealed as a final order under Pa.R.A.P. 341. To hold otherwise would defeat the entire notion of consolidation under this method. Therefore, we must now inquire as to the nature of the "consolidation order" below to determine the status of the present cases.

¶ 8 Judge Musmanno, then sitting as an administrative judge, issued the following order:

ORDER OF COURT TRANSFERRING CASES TO FAMILY DIVISION

AND NOW, to-wit, this 31st of March, 1997, it appearing to the Court that the above-captioned actions have been filed in three Divisions of this Court, and it further appearing that these matters have very similar factual allegations therein, and after consultation with the Administrative Judges of each of the aforementioned divisions, it is hereby ORDERED, ADJUDGED and DECREED that the matter entitled IN RE: TRUST OF MELVIN B. PETERSON, No. 3312 of 1977, filed in the Orphans' Court Division of this Court, and the matter captioned JOANN PETERSON KEEFER V. ELIZABETH CARBIDE, INC., ET AL, GD 95–14409, in the Civil Division of this Court be, and the same are hereby transferred to the Family Division of this Court, *to be consolidated with the matter* captioned JOANN PETERSON KEEFER V. DAVID KEEFER, bearing No. FD 92–6165 currently pending in the Family Division.

Order, 3/31/97, at 1 (emphasis added).

¶ 9 Judge Musmanno used the phrase "to be consolidated with the matter" rather than the phrase "to be jointly tried." By ordering the actions consolidated, without further explanation, Judge Musmanno rejected the joint trial or hearing alternative found in the rule. We therefore read the order as utilizing the second approach in Rule 213(a) and hold that such a consolidation merges all actions into one, such that each lose their separate identities.[3]

¶ 10 Having established that there is only one action pending in the instant case, we can finally address wheth-

---

2. Several cases mimic this language, but none provide an analysis as to how the court reached its conclusion. *See, e.g., Burgan v. City of Pittsburgh*, 115 Pa.Cmwlth. 566, 542 A.2d 583, 591 (1988); *Gould v. Nickel*, 268 Pa.Super. 183, 407 A.2d 891, 892 (1979).

3. We note that the trial court would greatly facilitate our review in future cases if it would explicitly state on the record whether the actions are consolidated into one action or whether the consolidation is only for a joint hearing or trial.

er this appeal is now properly before us. Appellant argues that:

An Order is "Final" for purposes of appeal if it precludes party [sic] from presenting the merits of the case to the Lower Court. *Daily Exp., Inc. v. Office of State Treasurer*, 683 A.2d 963, Cmwlth.1996. See also *Nasser v.[Nasser v.] Empire Sanitary Landfill Inc.[,]* 640 A.2d 1315, 433 Pa.Super. 391, Super.1994, Appeal denied 672 A.2d 308, 543 Pa. 714.

In ascertaining what is a final appeal of Order, a Superior Court must look beyond technical effect of adjudication to its practical ramifications. *West v. Anderson [Andersen,]* 626 A.2d 6606[606], 426 Pa.Super. 127, Super.1993. An Order of dismissal is appealable to the extent that it dismissed all claims against one of multiple Defendants. *Bash v. Bell Telephone Company of Pennsylvania[,]* 601 A.2d 825, 419 [411] Pa.Super. 347, Super.1992..

If a dismissed account states a cause of action that is separate and distinct from the remaining counts, and [sic] Order dismissing that count is final and appealable. *Motheral v. Burkhart[,]* 583 A.2d 1180, 400 Pa.Super. 408, Super.1990..

Appellant's brief, at 11 (citations omitted).

¶ 11 Appellant correctly states the law as it existed ten years ago. Amendments to Rule 341 of Pennsylvania appellate procedure, however, have since changed those propositions. The amendments, effective on July 6, 1992, have the effect of making many orders interlocutory that were formerly considered final. *See* Pa.R.A.P. 341 Official Note. In *Robert H. McKinney, Jr., Assoc., Inc. v. Albright, Jr.*, 429 Pa.Super. 440, 632 A.2d 937 (1993), this Court stated:

Case law which interpreted the earlier provisions of Rule 341, considered final all orders which had a practical conse-

quence of putting a litigant out of court. These included instances where a party was dismissed from a case or, in some circumstances, where some, but not all of the counts of a multi-count complaint were dismissed. In these later situations a legal analysis of finality was required to determine whether the dismissed claim was a separate cause of action in which instance it would be considered final. If the dismissed claim was merely found to be a different theory of recovery for the same cause of action left remaining, it was not a final order from which an appeal could be taken. Thus finality was often determined without regard to the fact that the litigation did not end as to all claims or all parties. However, under the amended version of Rule 341, . . ., this is no longer the case for actions commenced after July 6, 1992. Under the amended rule an appeal may not be taken from an order dismissing less than all claims or all parties from a case.

*Id.* at 938. Since we hold that the consolidation order below effectively created one action, an order dismissing any portion of that action or any number of defendants is interlocutory and not appealable as a final order. *See id.*; *see also* Pa.R.A.P. 341. Therefore, unless this order qualifies as a collateral order under Pa.R.A.P. 313, we must quash this appeal.[4]

■ ¶ 12 Section (b) of Rule 313 defines collateral orders as:

An order [1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed, until final judgment in the case, the claim will be irreparably lost.

To benefit from the collateral order doctrine, this Court has consistently held that the order must satisfy all three elements

---

4. No matter how we characterize the consolidation order of March 31, 1997, the portion of the June 30, 1998, order dismissing a part of the 1995 complaint is clearly interlocutory as it continues to have three claims pending. As discussed, when one or more claims remain pending in an action, the order is interlocutory. *See* Pa.R.A.P. 341.

listed above. *See Kovatch Enterprises v. Hazleton,* 714 A.2d 464, 465 (Pa.Super.1998).

¶ 13 Appellant provides this Court with no argument as to how her claim will be irreparably lost if review is postponed until final judgment. To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. *See Commonwealth v. Johnson,* 550 Pa. 298, 705 A.2d 830 (1998) (stating that an order denying the right of choice of counsel in a criminal case is not lost if review is delayed until after trial). An interest or issue must actually disappear due to the processes of trial. *See In re Ford Motor Co.,* 110 F.3d 954, 963 (3d Cir.1997) (holding that an order permitting the discovery of materials allegedly protected by the attorney-client privilege will be lost if an immediate appeal is not allowed); *Johnson,* 705 A.2d at 830 (permitting an interlocutory appeal from an order allowing counsel's review of sealed mental health records).

¶ 14 The issue involved in this order on appeal in no way resembles those types of orders found to contain issues that would be irreparably lost if left until final judgment. *See Johnson, supra; Ford, supra.* Instead, if the trial court below finally. rules against appellant, her claim(s) will remain intact at final judgment. At that time, appellant can then appropriately bring this appeal. Hence, the instant order cannot even be charitably characterized as collateral under Rule 313.

¶ 15 Appeal quashed.