# McLafferty v. Conshohocken Borough Zoning Hearing Board

*John J. Dorsey* and *Matthew C. Gaughan,* for plaintiffs.

*Heather Durant,* for defendant Conshohocken Township Zoning Hearing Board.

*George J. Ozorowski,* for intervenors Myers and Bryant.

ALBRIGHT, *J.,* February 17, 2010—The appellants, David McLafferty, David Bonza, Carolyn Rainville, Lauren Pessiki and Robert Zibelman appeal from this court's order, dated October 14, 2009, denying the appellant, David McLafferty's, motion to consolidate a zoning appeal with a land use appeal and requiring Mr. McLafferty to pay to George J. Ozorowski, Esquire, attorney for Thomas Myers and William Bryant (intervenors), the sum of $750, pursuant to 42 Pa.C.S. §2503(7) (9). For the reasons that follow, the undersigned believes that the appellants' appeal is interlocutory and should be quashed or, alternatively, that the October 14 order denying Mr. McLafferty's motion to consolidate should be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of a zoning appeal involving a parcel of land which is located at 143 West Second Avenue, Conshohocken Borough, Pennsylvania (property), owned by the intervenors. The appellants, on the other hand, are the owners of various neighboring properties situated within the borough.

By way of background, on August 9, 2007, the intervenors submitted an application seeking zoning relief

from the Conshohocken Borough Zoning Hearing Board in the form of a variance from section 10.5.B and 10.5.E of the Conshohocken Borough Zoning Ordinance of 2001. On October 1, 2007, the board granted the intervenors' request for variance relief from both sections, a decision which precipitated an appeal (the first action) taken by the appellant, Mr. McLafferty, and his neighbors to the Court of Common Pleas of Montgomery County on October 31, 2007. (Bd's decision, 10/1/07, at 5.)

Thereafter, realizing that they could accomplish their construction and land development objectives without the zoning relief previously granted by the board, the intervenors submitted to Conshohocken's Borough Council an amended application seeking land development and subdivision approval regarding the identical premises which is the subject of the appeal currently pending at the above term and number and which required no zoning relief of any kind. Following its review of intervenors' amended application, borough council, citing the pendency of the appeal regarding the intervenors' prior zoning application and the need to first resolve the "fundamental legal assumptions" involved in that appeal, voted unanimously to deny intervenors' amended application. In response, the intervenors filed a complaint in mandamus (second action, captioned at *Myers v. Council of the Borough of Conshohocken and Borough of Conshohocken,* Montgomery County Court of Common Pleas 2008-16070), seeking the entry of an order directing the defendants, borough council and Borough of Conshohocken to approve the previously rejected amended land development application.

On November 14, 2008, the Honorable Paul W. Tressler granted the intervenors/plaintiffs' motion for peremptory judgment and directed Conshohocken's Borough Council to enter a formal approval of the intervenors' amended application "within 20 days." (Tr. ct. order, Montgomery Court of Common Pleas 2008-16070, dated 11/19/2008.) Borough council thereafter complied with Judge Tressler's order and approved the intervenors' amended application and plan for land development and subdivision for which zoning relief was neither requested nor required. However, despite the finality of Judge Tressler's order entered in the second action, from which no appeal was taken, the appellants proceeded with their filing of an untimely petition to intervene in that matter on December 22, 2008. That petition was denied by Judge Tressler's order of December 30, 2008 which was thereafter docketed on January 6, 2009. The appellants' subsequent appeal of that order was summarily "quashed" as "untimely" by the Commonwealth Court on April 13, 2009. (Pa. Commw. Ct. order, 229 C.D. 2009, dated 4/13/09; Montgomery County Court of Common Pleas 2008-16070.)

Having failed to derail the intervenors' request for approval of their land development plans, which had been the subject of the second action, the appellant, David McLafferty, then turned his attention back upon this pending zoning appeal (*i.e.,* the first action) at the above term and number. Knowing full well that the second action (at no. 2008-16070) had long since been put to rest by Judge Tressler and the appellate court, Mr. McLafferty, nevertheless, filed his motion to consolidate,

which is the subject of this appeal, in an ill-conceived attempt to resurrect the previously adjudicated second action, and to consolidate that matter with this zoning appeal, which, for all intents and purposes, appears to have been rendered moot by Judge Tressler's ruling. Mr. McLafferty's motion was subsequently argued before the undersigned, and, following its thorough review of the record presented, the trial court issued an order, dated October 14, 2009, denying the appellant's motion to consolidate a zoning appeal with a land use appeal and required him to pay to George J. Ozorowski, Esquire, attorney for the intervenors, the sum of $750 for counsel fees incurred in the preparation, filing and presentation of their response to the said motion, "within 30 days" of the date of the order, pursuant to 42 Pa.C.S. §2503(7), (9).

Following the trial court's rejection of Mr. McLafferty's attempt to consolidate and his subsequent appeal of that decision on October 30, 2009, the following issues, as identified in the appellants' statement of matters complaint of on appeal, were presented for appellate review:

(1) In light of the facts and circumstances set forth in appellants' moving papers as well as those disclosed to the court during oral argument, Judge Albright abused his discretion and/or committed legal error by denying the motion to consolidate. Although a final non-appealable order had been entered in the matter (a mandamus action in the land use appeal) that appellants sought to have consolidated with their zoning appeal, the order in

the mandamus action was void ab initio and could be reconsidered and/or vacated by Judge Albright at any time because appellants were never accorded due process even thought [sic] they were indispensable parties to the mandamus action.

(2) Judge Albright abused his discretion and acted without legal authority by improperly ordering that appellant, David McLafferty, pay appellees' counsel fees, where the issuance of such an order was not in accord with 42 Pa.C.S. §2503(7)(9).

## DISCUSSION

Ordinarily, unless permitted by statute or rule, an appeal may be taken only from a final order. *In re Condemnation by City of Philadelphia in 16.2626 Acre Area,* 981 A.2d 391, 396 (Pa. Commw. 2009). According to Pa.R.A.P. 341(b), an order is final and appealable only if it dismisses all the claims or parties, is defined as final by statutes, or includes the "express determination that an immediate appeal would facilitate resolution of the case." *Brawley Distributing Co. Inc. v. Heartland Properties,* 712 A.2d 331, 332 (Pa. Super. 1998) (quoting Pa.R.A.P. 341(c)). The undersigned's October 14, 2009 order denying the appellant's motion to consolidate this case with another action in which a final, non-appealable order had been previously entered did not dispose of this case or dispose of the claims of parties involved herein. Therefore, in the first instance, the order appealed from might properly be considered to be interlocutory and non-appealable.

An appeal from a non-final order, also referred to as an interlocutory order, is permissible only if it falls into one of the following categories:

"(1) Interlocutory appeal as of right, pursuant to Pa.R.A.P. 311;

"(2) Interlocutory appeal by permission, pursuant to Pa.R.A.P. 312; or

"(3) Collateral order, pursuant to Pa.R.A.P. 313."

The undersigned's order of October 14, 2009, denying the appellant's motion to consolidate and awarding attorney's fees to opposing counsel as a sanction pursuant to 42 Pa.C.S. §2503(7)(9) is not an interlocutory order appealable as of right under Pa. R.A.P. 311 because such an order does not fall within one of the specific subcategories clearly delineated by that rule. Nor does the October 14 order qualify as an interlocutory order appealable by permission, since the appellant made no such request to the Commonwealth Court seeking leave to appeal the order complained of as required by Appellate Rule 312. Indeed, the same conclusion must follow any attempted characterization of the subject order as "collateral" and appealable under Pa.R.A.P. 313 where Mr. McLafferty failed to either assert such a claim or demonstrate that the order of October 14 is, as required by the rule, such order as is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Whether the subject order is separable from and collat-

eral to the main cause of action, which, in this case, involves a zoning appeal, merely begs the question, since any claim which Mr. McLafferty might, at one time, been able to assert, was already "irreparably lost" prior to the filing of his motion to consolidate when the case with which consolidation is sought was rendered final and unappealable.

Finally and without explanation, the appellants complain that the trial court's assessment of counsel fees against him was without authority and "not in accord with 42 Pa.C.S. §2503(7), (9)." However, those sections permit the trial court, where justified, to award reasonable counsel fees "(7) . . . as a sanction," or "(9) . . . because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S. §2503(7), (9). Despite the interlocutory nature of such an award as was made in this case, in the event the appellate court believes that the assessment appealed from is deserving of its more immediate scrutiny and consideration, the undersigned submits that counsel fees were certainly warranted, if not mandated, under the circumstances here presented, and that any appeal from that award is patently meritless.

What is particularly disturbing about the scenario developed in this case is that it involves the persistent efforts of the appellant, a lawyer, to prolong a situation which, long before he filed his motion to consolidate, he should have realized and acknowledged had no chance of success. Mr. McLafferty's ill-advised, deliberate attempt to solicit the undersigned's consent to reconsider and overrule the decision of a colleague of this court, a

decision which even he recognized to be final and "nonappealable," is reprehensible and sanctionable. Admittedly, the appellant's motion is without any factual or legal basis and he made no effort to prove otherwise or establish the criteria customarily relied upon and required by rule[1] and Pennsylvania case law in order to secure a consolidation of actions.

Minimally, Pa.R.C.P. 213(a) permits the consolidation of only those "actions pending in a count which involve a common question of law or fact or which arise from the same transaction or occurrence . . . ." Here, Mr. McLafferty seeks to consolidate the pending zoning appeal (*i.e.,* the first action) with a mandamus action (*i.e.,* the second action) which is no longer pending and does not involve either a common question of law or fact which arises from the same transaction or occurrence. The first action represents an appeal from a zoning hearing board decision by certain individuals who were not parties to the second action which involved a complaint in mandamus filed in response to a decision of the Conshohocken Borough Council, the municipality's governing body. Without the shared identity of actions, law, facts, transactions or occurrences, parties and issues which Mr. McLafferty appears to have ignored at its inception, his motion was destined to fail from the beginning and he should have known better.

The appellant's stubborn, unrepentant pursuit of a course of action which is clearly without sufficient legal basis, is frivolous, and serves no particular purpose

---

1. Pa.R.C.P. 213(a); see *e.g., Keefer v. Keefer,* 741 A.2d 808, 810 (Pa. Super. 1999).

other than to delay, vex and inflict upon his opponent unnecessary financial hardship, if not angst, certainly lends credence to the statement attributed to him that "you guys may win, but it's going to cost you time and money." (N.T. 10/9/09, at 15.) Conduct of the kind hereinbefore described and attributed to Mr. McLafferty should not be condoned or permitted to go unnoticed when deserving of the quite reasonable sanction as was imposed in this case and which, one might only hope, may serve as a deterrent to any such future egregious behaviors.

## CONCLUSION

For all of the aforementioned reasons, the trial court believes that the appeal should be either quashed, or, in the alternative, the order of October 14, 2009, denying the appellant's motion to consolidate, affirmed.