## Ezrin v. Campbell

*Larry W. Miller*, for plaintiffs.
*Marshall E. Anders*, for defendant.

SIBUM, *J.*, March 17, 2011—This matter comes before

the court on defendant Hank Campbell's preliminary objections to plaintiffs' second amended complaint. Plaintiffs commenced this action against defendant Campbell Installations, Inc. ("Campbell Installations") and Hank Campbell, individually ("Campbell"), for breach of contract and negligence, respectively. Plaintiffs filed a complaint on May 18, 2010 and an amended complaint on September 28, 2010. A second amended complaint was filed on November 23, 2010. Campbell Installations filed an answer to plaintiffs' second amended complaint while Campbell filed the instant preliminary objections in the form of a demurrer as to the negligence claim. Plaintiffs filed a response to Campbell's preliminary objections on December 23, 2010. Both parties filed briefs[1] yet only counsel for defendant appeared for oral argument held on February 7, 2011. We are now prepared to decide this matter.

## DISCUSSION

In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v.*

---

1. Counsel for plaintiffs complained to the court via letter dated January 31, 2011 that he was dissatisfied with the untimely filing of defendant Campbell's brief and that he did not have sufficient time to file a well-reasoned reply brief. However, plaintiffs' counsel has also failed to follow the local rules of court in that he failed to appear for oral argument. Had he done so, the court would have considered a request by plaintiff for an extension of time to file a supplemental brief.

Furthermore, although it may have been counsel's intent for the court to consider its January 31 letter as plaintiffs' motion or request to continue oral arguments until a later term, as stated in the letter, counsel failed to file a formal motion with this court in accordance with local rules. Therefore, plaintiffs' request could not be considered.

*City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). Facts appearing in documents appended to and made a part of the complaint may be considered by the court in determining the sufficiency of the complaint or claim. *Pleet v. Valley Greene Associates*, 538 A.2d 567, 569 (Pa. Super. 1988). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

Preliminary objections in the nature of demurrers should be sustained where facts averred in a pleading are clearly insufficient to establish the pleader's right to relief. See *HCB Contractors v. Liberty Place Hotel Associates*, 539 Pa. 395, 397, 652 A.2d 1278, 1279 (Pa. 1995). When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the cases which are clear and free from doubt. *King v. Detroit Tool Co.*, 682 A.2d 313, 314 (Pa. Super. 1996).

Defendant Campbell requests this court to dismiss the second claim of plaintiffs' second amended complaint for legal insufficiency of a pleading (demurrer.) The purpose of a demurrer is to test the legal sufficiency of a complaint or other pleading. In determining whether the factual averments of a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman*, 479 A.2d 517, 519 (Pa. Super. 1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the facts averred within, the law will not permit a recovery. *Id.*; see also *Cianfrani v. Commonwealth, State Employees'*

*Retirement Bd.*, 505 Pa. 294, 297, 479 A.2d 468, 469 (Pa. 1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Slaybaugh*, 479 A.2d at 519; *Cianfrani* at 297, 479 A.2d at 469.

The relevant facts of this case as alleged by plaintiffs in the second amended complaint are as follows. In December 2008, plaintiffs hired Campbell Installations to perform roof work at their residence in Stroudsburg, Pennsylvania. [Second amended complaint, ¶4; Campbell Installations' answer, ¶4.][2] On December 2, 2008, Campbell Installations provided plaintiffs with a proposal of the anticipated work to be completed, including an estimated cost of $3,750.00. *Id.* at 5. On February 10, 2009, Campbell Installations provided plaintiffs with an invoice in the amount of $5,550.00. *Id.* at 6. The invoice guaranteed defendant's workmanship for one year from the date of the invoice. *Id.* at 12. Plaintiffs paid Campbell Installations a deposit in the amount of $3,600.00 on March 9, 2009, and the second half of the balance in the amount of $2,100.00 upon completion of the work on March 12, 2009. *Id.* at 7, 9. Campbell Installations completed the roof work utilizing mostly Campbell as the laborer. *Id.* at 8.

On July 14, 2009, four months after the work had been completed, plaintiffs informed defendant that the work was poor and needed repair. [Second amended complaint, ¶14; Campbell Installations' answer, ¶14.] Plaintiffs argued that defendant inadequately, insufficiently,

---

2. Reference to defendant Campbell Installations' answer filed on 12/27/10 will be cited as [Campbell Installations' answer, ¶__.] Defendant Campbell, individually, filed preliminary objections to plaintiffs' second amended complaint, and thus did not file an answer.

negligently, and poorly performed the work on plaintiffs' roof which caused latent defects that had not manifested until July 2009. [Second amended complaint, ¶10.] Specifically, plaintiffs aver that defendant negligently left nails exposed in the roof, failed to leave the required gaps between sheeting, and caused overall buckling of the roof panels. *Id.* Defendant promised to conduct the repairs yet did not do so. [Second amended complaint, ¶15-17; Campbell Installations' answer, ¶15-17.] On August 18, 2009, plaintiffs hired Dale Johnson to make some of the repairs at the expense of $100.00. *Id.* at 18. Plaintiffs then hired J.M. Shinn Roofing to replace the entire roof, costing $6,400.00. *Id.* at 19. Plaintiff also hired Cory Drozal to repair the ventilation system and ledger board, to reinstall soffit and ledger board wrap, and to wire attic fans, all things which plaintiffs claim defendant should have done as part of the agreement between the parties. *Id.* at 20.

Plaintiffs then instituted the current action by filing a complaint on May 18, 2010. As the case progressed, plaintiffs ultimately filed a second amended complaint on November 23, 2010. In that complaint, plaintiffs brought a breach of contract claim against Campbell Installations alleging it had failed to complete the work it was obligated to do under the contract. *Id.* at 25. Plaintiffs also brought a negligence claim specifically against Campbell, individually, arguing that he personally performed the work contracted to be done between plaintiffs and Campbell Installations. [Second amended complaint, ¶29, 30.]

Campbell then filed preliminary objections arguing that the instant action is based upon the performance of a contractual obligation between plaintiffs and Campbell

Installations. [Preliminary objections, ¶4.] Consequently, Campbell argues that plaintiffs' claim is for improper performance pursuant to a contractual relationship and not a claim for negligence, and thus, plaintiffs' claim is limited to breach of contract against the corporate defendant as opposed to a claim for negligence against Campbell. *Id.* at 6-8. Therefore, Campbell seeks dismissal of the claim against him as improper and failing to set forth a cause of action against him individually. *Id.* at 9. We agree.

As a general rule, courts are hesitant in permitting tort recovery for breach of contract. *Yocca v. Pittsburgh Steelers Sports. Inc.*, 806 A.2d 936, 943 (Pa. Cmwlth. 2002); rev'd on other grounds, 854 A.2d 425 (Pa. 2004). This reluctance stems from the idea that:

> Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals....To permit a promisee to sue his [or her] promisor in tort for breaches of contract inter se would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions. *Yocca*, 806 A.2d at 944, citing *Bash v. Bell Telephone Co. of Pennsylvania*, 601 A.2d 825, 829 (Pa. Super. 1992), *superseded by rule on other grounds* as stated in *Keefer v. Keefer*, 741 A.2d 808, 812 (Pa. Super. 1999).

However, limited circumstances exist in which a plaintiff may have an actionable tort claim despite having a contractual relationship with the defendant. *Id.* "Some cases, particularly those decided in federal courts but based

on Pennsylvania law, apply the 'gist of the action' test... [while o]ther cases employ a misfeasance/nonfeasance test." *Id.*

Two distinct lines of cases exist relating to this issue. Our Superior Court, in *Phico Insurance Co. v. Presbyterian Medical Services Corp.*, 663 A.2d 753 (Pa. Super. 1995), has elaborated as follows:

> The first line arose with *Raab v. Keystone Insurance Co.*, 271 Pa.Super. 185, 412 A.2d 638 (1979).... The test used to determine if there exists a cause of action in tort growing out of a breach of contract is whether there was an improper performance of a contractual obligation (misfeasance) rather than the mere failure to perform (nonfeasance).

> Later in *Hirsh v. Mount Carmel District Industrial Fund*, 363 Pa.Super. 433, 526 A.2d 422 (1987), we considered the correctness of the manner in which a trial court applied the principles of *Raab*. However, in a footnote, we noted that *Raab* technically possessed no precedential authority since it represented the viewpoint of only one member of a three-judge panel.

> We believe the simple rule expressed in *Raab* is inadequate to determine the true character of a claim. Although the rule certainly sets forth a bright and easily discernable line for considering the nature of a claim, it is not difficult to imagine many agreement-based complaints which may be characterized as sounding in tort when they more properly should be seen as contractual. Consequently, since *Raab* possesses no

precedential authority, we do not follow it. Therefore, we turn to the second line of cases, which we believe more appropriately addresses the characterization issue.

In *Bash v. Bell Telephone Co.*, 411 Pa.Super. 347, 601 A.2d 825 (1992), we took a somewhat different approach to the issue....[W]e examined federal authority and indicated that to be construed as a tort action, the wrong ascribed to the defendant must be the gist of the action with the contract being collateral. *Phico Insurance Co. v. Presbyterian Medical Services Corp.*, 663 A.2d 753 (Pa.Super. 1995).

The "gist of the action" doctrine is designed to maintain the conceptual yet distinct differences between civil actions for tort and breach of contract. *Pennsylvania Manufacturers' Assoc. Ins. Co. v. L.B. Smith, Inc.*, 831 A.2d 1178, 1182 (Pa. Super. 2003); *Bash*, 601 A.2d at 829. It precludes a plaintiff from "recasting ordinary breach of contract claims into tort claims." *L.B. Smith, Inc.*, 831 A.2d at 1182. "When a plaintiff alleges that the defendant committed a tort in the course of carrying out a contractual agreement, Pennsylvania courts examine the claim and determine whether the 'gist' or gravamen of it sounds in contract or tort." *Id.* However, the test is not limited to discrete instances of conduct but rather is concerned with the nature of the action as a whole. *Id.* A tort claim is therefore maintainable but only if the contract is collateral to conduct that is primarily tortuous. *Yocca*, 806 at 944; see *Bash*, 601 A.2d at 829 (holding that to be construed as a tort, the wrong ascribed to defendant must be the gist of

the action, the contract being collateral).

In this case, Campbell Installations was contracted by plaintiffs to perform roofing repairs to plaintiffs' home. Campbell Installations completed the work utilizing Hank Campbell as the primary laborer. Plaintiffs now claim in their second amended complaint that Campbell performed his work in a negligent manner, causing damages to the roof and requiring plaintiffs to incur costs to fix the roof negligently completed by Campbell.

However, under the "gist of the action" doctrine, the facts of record in this case establish that plaintiffs' claim for negligence against Campbell arises out of Campbell's alleged failure to perform the contract between plaintiffs' and Campbell Installations, not out of a duty imposed on Campbell as a member of society. Here, the parties' obligations are defined by the terms of the contract and not by the larger social policies embodied in the law of torts.

Although plaintiffs contend that the claims asserted in their second amended complaint were both contractual and tortuous in nature, their contention must fail. Our review of the complaint in question demonstrates that the wrong attributed to Campbell is solely a breach of his duty to perform under the terms of the contract. Plaintiffs specifically averred that Campbell negligently left nails exposed in the roof, failed to leave the required gaps between sheeting, and caused overall buckling of the roof panels. Yet in its breach of contract claim against Campbell Installations, plaintiffs asserted that Campbell Installations failed to complete the work it was obligated

to do in a manner consistent with the industry standards of roofing, thereby failing to complete the obligations of the contract. The "gist" of plaintiffs' action sounds in contract, not tort, because the tort claim is based on precisely the same conduct that plaintiffs assert is a breach of the contract, and the duties that Campbell is accused of violating arise, if at all, only because the parties entered into a contract. Consequently, while plaintiffs' second amended complaint included allegations that Campbell engaged in negligence, the contract was not collateral to any of its claims. Therefore, plaintiffs do not have a cause of action for negligence against Campbell, since, but for the contract, plaintiffs would not have a claim.

Accordingly, we enter the following order.

## ORDER

And now, March 17, 2011, after argument held in this matter, defendant Hank Campbell's preliminary objections are sustained. Plaintiffs' second claim sounding in negligence against defendant, Hank Campbell, individually is hereby dismissed.