J-A03023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FIRST NATIONAL BANK WEALTH MANAGEMENT, GUARDIAN OF THE ESTATE OF G.T., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KINDERCARE LEARNING CENTERS, D/B/A STATE COLLEGE KINDERCARE AND CHRIS MILEY | |
| Appellees | No. 565 MDA 2016 |

Appeal from the Order Entered March 9, 2016
In the Court of Common Pleas of Centre County
Civil Division at No: 2014-4296

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MAY 17, 2017**

Appellant, First National Bank Wealth Management, Guardian of the Estate of G.T. ("Appellant"), appeals from the March 9, 2016 order entered in the Court of Common Pleas of Centre County ("trial court") denying its motion for a protective order and granting Appellees', Kindercare Learning Centers, D/B/A State College Kindercare and Chris Miley (together "Appellees"), motion to compel.  Upon review, we quash.

The trial court summarized the relevant factual background as follows.

> This case involves personal injury claims brought on behalf of [G.T.], a minor, . . . by and through [Appellant] as guardian of the minor estate.  [G.T.] was three years old at the time of the alleged incident giving rise to this action, and is currently six years old.

The underlying incident is alleged to have occurred on October 3, 2013[,] at [Appellee] Kindercare Learning Centers d/b/a State College Kindercare ("Kindercare"). [G.T.] was enrolled at Kindercare for child care services at that time. [Appellant] alleges that on that date, [Chris Miley ("Miley")], a Kindercare employee, instructed [G.T.] to take a nap. According to [Appellant], [Miley] then determined that the child was not lying down as instructed, and she forced [G.T.] to lay face down on the floor by using her body weight, suffocating [G.T.] and causing him severe injuries. [Appellant] claims that another Kindercare employee was present and failed to intervene. [The Bank] claims that [G.T.'s] [m]other noted visible signs of injury when she picked him up that day, and that [G.T.] immediately reported that a teacher had stepped on him. [Appellant] claims that [G.T.] suffered severe physical and psychological injuries that are ongoing and will continue into the future.

In the course of discovery, [Appellees] sought to take the deposition of [G.T.]. [Appellees] issued a notice for [G.T.'s] deposition for November 18, 2015. [Appellant] objects to the deposition being taken without first having a competency hearing and determination by the [trial court]. [Appellant] filed a [m]otion for [p]rotective [o]rder on December 4, 2015. [Appellees] filed a [m]otion to [c]ompel [G.T.'s] deposition on January 15, 2016. Oral argument was heard on January 28, 2016, and the parties were given time to submit supplemental briefs if desired. By [o]rder dated March 9, 2016, the [trial court] granted [Appellees'] [m]otion to [c]ompel, and denied [Appellant's] [m]otion for [p]rotective [o]rder.

Trial Court Opinion, 6/24/16, at 2-3 (citations and footnotes omitted).

Appellant raises four issues on appeal, which we quote verbatim.

I. Whether a party may conduct the deposition of a six (6) year old child who, by virtue of their immaturity, is presumed to be an incompetent witness[.]

II. Whether the trial court abused its discretion by denying [Appellant's] motion for protective order where the [Appellees'] noticed the deposition of a six (6) year old child and [Appellant] sought a protective order through which [Appellant] requested that the trial court determined whether the child was competent to testify under oath

prior to permitting the deposition of said six (6) year old child[.]

III.   Whether the trial court abused its discretion by denying [Appellant's] motion for protective order whereby [Appellant] requested that the court determine whether a six (6) year old child was competent to testify under oath prior to the deposition and instead permitted the deposition to proceed and ordered defense counsel to explore issues of competency during the deposition itself[.]

IV.   Whether the deposition of a six (6) year old child is reasonably calculated to lead to the discovery of admissible evidence where the child's ability to appreciate the significance of the oath, ability to communicate and his consciousness of the duty to speak the truth have not been determined[.]

Appellant's Brief at 9.

Before we can address the merits of Appellant's claims, we must address whether this Court has jurisdiction to hear the appeal. Appellant is claiming that this court has jurisdiction pursuant to Pa.R.A.P. 313, which provides that "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313. A collateral order is one that is "[(1)] separable from and collateral to the main cause of action where [(2)] the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." *Id.* Moreover, "the collateral order doctrine is to be construed narrowly, and we require every one of its three prongs be clearly present before collateral appellate review is allowed." ***Rae v. Pennsylvania Funeral Directors Ass'n***, 977 A.2d 1121, 1126 (Pa. 2009) (citing ***Melvin v. Doe***, 836 A.2d 42, 47 (Pa. 2003);

*Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999)). "[I]n general, discovery orders are not final, and are therefore unappealable." *T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1056 (Pa. Super. 2008) (quoting *Jones v. Faust*, 852 A.2d 1201, 1203 (Pa. Super. 2004)). "The purpose of discovery is to expedite litigation." *Boyle v. Steiman*, 631 A.2d 1025, 1031 (Pa. Super. 1993) (citation omitted). Our courts have routinely held that the scope of discovery is liberal. *See Barrick v. Holy Spirit Hosp. of Sisters of Christian Charity*, 91 A.3d 680 (Pa. 2014). "A discovery order is collateral only when it is separate and distinct from the underlying cause of action." *T.M.*, 950 A.2d at 1056 (quoting *Feldman v. Ide*, 915 A.2d 1208, 1211 (Pa. Super. 2007)).

In the matter *sub judice*, Appellant's claims are intertwined and can be summarized as whether the trial court erred in denying the protective order and permitting Appellees to depose G.T. As all three prongs of the collateral order doctrine must be satisfied, we need only find that one of the prongs fails in order to quash the appeal for want of jurisdiction. *See Rae*, 977 A.2d at 1126.

Notably, Appellant fails to satisfy the third prong of the collateral order doctrine, that if review is postponed until final judgment in the case, the claim will be lost.

> To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials are not considered as

- 4 -

irreparably lost. An interest or issue must actually disappear due to the process of trial.

***Keefer v. Keefer***, 741 A.2d 808, 813 (Pa. Super. 1999) (internal citations omitted), ***disapproved on other grounds***, ***Kincy v. Petro***, 2 A.2d 490 (Pa. 2010). Pursuant to Pa.R.Civ.P. 4016(b)

Objections to the competency of a witness or to the competency, relevancy, or materiality of the testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which was known to the objecting party and which might have been obviated or removed if made at that time.

Pa.R.Civ.P. 4016(b). Thus, Appellant has the opportunity to challenge the competency of G.T. before or during the deposition. Therefore, the claim is not lost.[1] Similarly, if Appellant has an objection to the competency of G.T. at trial, Appellant could raise the issue at that time. ***See*** Pa.R.Evid. 601(b). As Appellant has failed to establish the third prong of the collateral order doctrine, we quash the instant appeal.

---

[1] The instant mater is distinct from an interlocutory appeal of a discovery order involving privileged information. ***See In re Estate of Moskowitz***, 115 A.3d 372, 389 (Pa. Super. 2015) (discovery orders involving privilege are appealable under the collateral order doctrine.)

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017