J-A02019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                :  PENNSYLVANIA
                                                :

v.  :

CHRISTOPHER W. MAZZINO  :

Appellant  :  No. 1519 MDA 2022

Appeal from the Order Entered October 28, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0004373-2021

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:  **FILED JUNE 27, 2024**

Appellant, Christopher W. Mazzino, appeals from the order entered in the Luzerne County Court of Common Pleas, which granted the Commonwealth's motion to quash Appellant's subpoena of a witness's cell phone.  We quash the appeal.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with two counts of criminal solicitation[1] to commit statutory sexual assault and one count of criminal use of a communication facility.[2]  The charges arose from a communication between

---

[1] 18 Pa.C.S.A. § 902(a).

[2] 18 Pa.C.S.A. § 7512.

Appellant and Musa Harris[3] on the social networking application "Grindr," which culminated in Appellant and Mr. Harris agreeing to meet up for a sexual encounter. When Appellant traveled to meet Mr. Harris, Mr. Harris called the Kingston Police Department and confronted Appellant on video. The Commonwealth alleges that Mr. Harris told Appellant in the Grindr conversation that he was not an adult.

On December 15, 2021, the trial court conducted a preliminary hearing during which the Commonwealth relied on text messages that Mr. Harris had provided to the Kingston Police Department and the District Attorney's Office to form the basis for its *prima facie* case against Appellant. Nevertheless, the data that Mr. Harris had turned over was not complete and consisted of screenshots of the conversations between Appellant and Mr. Harris after some of the messages and pictures had been deleted. Thereafter, Appellant filed a pretrial discovery motion seeking, *inter alia*, a complete telephone extraction of the phone used by Mr. Harris. The court scheduled a hearing on Appellant's motion for October 31, 2022, and, in anticipation of the hearing, Appellant served a subpoena upon Mr. Harris, requiring his presence at the hearing and compelling him to produce the cell phone he used to contact Appellant.

---

[3] Mr. Harris is a private citizen and is not employed by either the Kingston Police Department or the Luzerne County District Attorney's Office, nor does either organization assert that he was acting under their direction.

On October 28, 2022, the Commonwealth filed a motion to quash the subpoena. The court granted the motion to quash that same day. Appellant filed the instant interlocutory appeal of that order on October 31, 2022, together with a concise statement of errors complained of on appeal.

Appellant raises three issues for our review:

> 1. Whether the Commonwealth lacked standing to challenge a criminal appellant's pretrial subpoena for testimony and evidence production directed to a nongovernmental, third-party entity, and whether the court, based on lack of standing, erred in in granting the Commonwealth's motion to quash?
>
> 2. Whether the [trial] court abused its discretion in granting an *ex-parte* motion by the Commonwealth without providing Appellant with the opportunity to be heard regarding the quashing of his subpoena?
>
> 3. Whether, where Appellant's subpoena was reasonable and material, the [trial] court's quashing of that subpoena violated his constitutional rights to confrontation and compulsory process?

(Appellant's Brief at 7) (unnecessary capitalization omitted).

As a preliminary matter, we note that on January 9, 2023, this Court issued a rule to show cause why the current appeal should not be quashed or dismissed, as the order granting the Commonwealth's motion to quash the subpoena did not appear to be a final or otherwise appealable order. Appellant responded on January 18, 2023, claiming that the order was appealable under the collateral order doctrine. In support of this claim, Appellant argues that the issue on appeal is separate from and collateral to the main cause of action, as the order quashing the subpoena is distinct from the underlying matter of

Appellant's guilt or innocence of the crimes charged. Second, Appellant maintains that the issue on appeal involves a right too important to be denied review, as it concerns his right to a fair trial, due process, his right to counsel and to present a defense, and his right to compulsory process. In addition, Appellant alleges that this issue is important for countless other individuals, where Mr. Harris, the Kingston Police, and the Luzerne County District Attorney's Office have continued to utilize a similar "scheme" to charge individuals while shielding Mr. Harris from being subject to discovery and subpoenas. Finally, Appellant insists that if review is postponed, his claim could be irreparably lost because it will be rendered moot if Appellant is ultimately acquitted at trial. Therefore, Appellant submits that he has satisfied the three prongs of the collateral order doctrine, and this Court should consider his appeal. We disagree.

"The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Commonwealth v. Brister*, 16 A.3d 530, 533 (Pa.Super. 2011). "In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." *Id.* (internal citation omitted).

Here, Appellant attempts to invoke this Court's jurisdiction under the collateral order doctrine at Pa.R.A.P. 313. Pursuant to Rule 313, "a collateral order is one that is 1) separate from and collateral to the main cause of action,

2) involves a right too important to be denied review, and 3) if review is postponed until final judgment, the claim will be lost." **Commonwealth v. Alston**, 233 A.3d 795, 799 (Pa.Super. 2020), *appeal denied*, 662 Pa. 482, 240 A.3d 106 (2020) (citing **Commonwealth v. Blystone**, 632 Pa. 260, 269, 119 A.3d 306, 312 (2015)). **See also** Pa.R.A.P. 313(b). "Whether an order is appealable under the collateral-order doctrine under Pa.R.A.P. 313 is a question of law, subject to a *de novo* standard of review, and the scope of review is plenary." **Alston, supra** at 799 (citation omitted).

Our Supreme Court has explained that "the collateral order doctrine must be construed narrowly, in deference to the final order doctrine, and in recognition of the fact that a party may seek interlocutory appeal by permission pursuant to Pa.R.A.P. 312." **Commonwealth v. Flor**, 635 Pa. 314, 324, 136 A.3d 150, 155-56 (2016). In order to meet the requirements of the doctrine, every one of the three prongs must be clearly present before collateral appellate review is permitted. **Id.** at 324, 136 A.3d at 156.

Because satisfaction of all three prongs is required, we may turn first to the third prong, which is whether the claim will be lost if review is postponed.[4] Appellant contends that he satisfies the third prong of the collateral order doctrine because, if he is successful in his defense at trial, the issue would

_____

[4] There is no dispute that the first prong is satisfied, as the issue of quashing Appellant's subpoena is distinct from the underlying issue of Appellant's guilt or innocence. Based on our decision that the third prong is not satisfied, however, we need not decide the second prong of the test. **See Flor, supra**.

become moot. Additionally, Appellant suggests that there is a risk Mr. Harris may destroy the evidence that Appellant is seeking to compel in his subpoena if Appellant is not able to obtain a copy of it.

This Court has described the third prong of the collateral order doctrine as follows:

> There are few instances in which a criminal defendant may pursue an appeal prior to final judgment, *i.e.*, conviction and sentence. Only in exceptional circumstances do we permit departure from "the basic rule limiting an appeal to the review of a final judgment." Thus, the third prong of the collateral order rule maintains the orderly flow of appeals from the trial courts by limiting them only to those in which relief would otherwise be "irreparably lost." **See Keefer** [**v. Keefer**, 741 A.2d 808, 812 (Pa.Super. 1999)] (in order to satisfy the collateral order rule, an "interest or issue must actually disappear due to the processes of trial").

**Commonwealth v. Sabula**, 46 A.3d 1287, 1292 (Pa.Super. 2012) (quoting **Commonwealth v. Montgomery**, 799 A.2d 149, 153 (Pa.Super. 2002)).

Thus:

> To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear due to the processes of trial.

**Id.** at 1293 (quoting **Keefer, supra** at 813).

Instantly, we disagree with Appellant's assertions that his claim will be irreparably lost if we deny appellate review. If Appellant is convicted, he can raise the propriety of the court's order quashing the subpoena on appeal. If Appellant is successful in his defense at trial and is acquitted of all charges,

his claim is not "lost," Appellant would just no longer be an aggrieved party who could appeal and who would have no reason to do so.[5] If an appellant

_____

[5] Appellant relies on **Alston, supra** to support his claim that the third prong is satisfied because if he is successful in his defense, his claim will be rendered moot. In **Alston**, this Court held that the collateral order doctrine was met in the appellant's appeal from an order granting the Commonwealth's motion to quash the appellant's subpoena on the Allegheny County Medical Examiner's Office seeking the autopsy report of the victim. This Court stated:

> Appellant argues that the third prong is also satisfied because if he is successful in his defense, his claim will be rendered moot. He also avers that his right to effective assistance of counsel attaches at the preliminary-hearing phase, but his claim that counsel was ineffective during the pretrial phase would be "rendered immaterial" at the later stages of the litigation. We agree and find Appellant has satisfied the third and final prong of the collateral-order doctrine.

**Alston, supra** at 800. We cannot discern from this paragraph whether this Court agreed with the appellant's assertion that the collateral order doctrine was satisfied because an acquittal would render his claim moot, **or**, if this Court found the collateral order doctrine satisfied where the appellant's ineffectiveness claim would be "rendered immaterial" at a later stage of litigation, **or** if the combination of these circumstances led to this Court's disposition. **See Commonwealth v. McIntyre**, ___ A.3d ___, 2024 WL 1245688 (Pa.Super. filed Mar. 25, 2024) (explaining that determination of guilt at trial renders moot any challenges to adequacy of preliminary hearing). **See also Z.P. v. K.P.**, 269 A.3d 578, 587 (Pa.Super. 2022) (explaining that whether party's claims will be "irreparably lost" if review is postponed turns on particular facts and circumstances of each case).

Significantly, Appellant ignores the entirety of this Court's abovementioned statements in **Alston** and claims only: "If [Appellant] is acquitted, this claim will be rendered moot and, therefore, irrevocably lost. The **Alston** Court looked to this as a reason to grant the appeal in that case. This should be sufficient to grant the appeal in this case." (Appellant's Brief at 23). Further, Appellant is not arguing that his issue would be "rendered immaterial" in a later appeal following a conviction, like in **Alston**. Thus, **Alston** is not dispositive of Appellant's claim on the third prong of the test.

could satisfy the third prong of the collateral order doctrine simply because the issue would be rendered "moot" in the event of an acquittal, then every criminal defendant would automatically satisfy the third-prong of the test. This would be inconsistent with our precedent requiring us to construe the collateral order doctrine narrowly. **See Flor, supra**.

Further, Appellant cites no authority to support his claim that appellate review is proper under the collateral order doctrine where the only irreparable harm is possible destruction of evidence by a non-party. (**See** Appellant's Brief at 23-24). **See also** Pa.R.A.P. 2119(a) (stating appellant must cite legal authority on appeal to support each argument). Because the order in question does not meet the requirements of the collateral order doctrine, we lack jurisdiction to address this appeal. Accordingly, we quash Appellant's appeal as interlocutory.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/27/2024