652 A.2d 1278

**HCB CONTRACTORS, Appellant**

v.

**LIBERTY PLACE HOTEL ASSOCIATES, Liberty Place Parking Phase II Associates, Liberty Place Parking Associates, Kwik Park Corporation, LP Associates, 1650 Market Associates, Liberty Place Retail Associates, L.P., Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1994.

Decided Jan. 13, 1995.

Robert A. Korn and David A. Peckman, Plymouth Meeting, for HCB Contractors.

Steven A. Arbittier, William G. Frey, and Martha E. Johnston, Philadelphia, for Liberty Place, etc., et al.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal by allowance from a memorandum decision of the Superior Court which affirmed an order of the Court of Common Pleas of Philadelphia County dismissing various mechanics' lien claims of HCB Contractors (HCB). HCB acted as general contractor in a four-element construction project, known as Liberty Place II, in the City of Philadelphia. Four separate but virtually identical contracts were entered by the parties in 1988, covering construction of the four elements, to wit, the hotel, garage, office, and retail facilities. Attached to each of the contracts was a statement of general conditions in which HCB expressly agreed not to file any mechanics' liens. In addition, appended to each of the contracts was a document entitled "Waiver of Liens" in which HCB again expressly waived its right to file mechanics' liens. All of the waiver of liens agreements were signed by HCB. Nevertheless, in 1991, HCB filed claims for mechanics' liens against all four of the project elements. The sum of the claims was nearly twenty-three million dollars.

The owners filed preliminary objections in the nature of demurrers, asserting that the waiver of liens provisions in the contracts precluded recovery. HCB responded that it had been fraudulently induced to enter the contracts and that the waivers were, therefore, invalid. The trial court sustained the preliminary objections and discharged the liens. The Superior Court affirmed, 429 Pa.Super. 655, 628 A.2d 458. We too affirm.

Preliminary objections in the nature of demurrers are to be sustained only where facts averred in a complaint are clearly insufficient to establish the pleader's right to relief. *Firing v. Kephart*, 466 Pa. 560, 563–64, 353 A.2d 833, 834–35 (1976). Here, given the express waivers of liens contained in the contract documents and the failure by HCB to allege facts

which might allow its claim of fraudulent inducement to proceed, the preliminary objections were properly sustained.

■ HCB contends that during contract negotiations the owners gave specific assurances that they owned and would continue to own the various project elements on which HCB was to render its services as general contractor. HCB also contends that it was unaware, while negotiating and entering into these contracts, and particularly in agreeing to limit its recovery to the owners' interests in the project elements and waive its rights to file mechanics' liens, that the "owners" with whom it was contracting had, through a series of transactions, already transferred or agreed to transfer substantial ownership interests in the project elements to third parties. HCB contends that the owners were under an affirmative duty to disclose these transfers because, had HCB known of them, it would never have agreed to the lien waivers. HCB asserts that such an omission amounted to a fraudulent misrepresentation, inducing it to enter the agreement and rendering the lien waivers unenforceable.

The Superior Court held that this case was controlled by our decision in *Nicolella v. Palmer*, 432 Pa. 502, 248 A.2d 20 (1968). We agree. *Nicolella*, like the present case, involved a contractor who claimed to have been fraudulently induced to enter a construction contract. He asserted that he had been misled by false oral representations regarding the extent of work to be performed. We held that where prior fraudulent oral representations are alleged regarding a subject that was specifically dealt with in the written contract, the party alleging such representations must, under the parol evidence rule, also aver that the representations were fraudulently or by accident or mistake omitted from the integrated written contract. *Id.* at 507, 248 A.2d at 23. *Nicolella* relied on *Bardwell v. Willis Co.*, 375 Pa. 503, 100 A.2d 102 (1953), as the controlling precedent, and quoted therefrom as follows:

"Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of

the parties, [footnote omitted] the law is now clearly and well settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify or supersede the written contract is inadmissible in evidence. [Citations omitted].

There is not the slightest doubt that if plaintiffs had merely averred the falsity of the alleged oral representations, parol evidence thereof would have been inadmissible. Does the fact that plaintiffs further averred that these oral representations were *fraudulently* made without averring that they were *fraudulently* or by accident or mistake *omitted* from the subsequent complete written contract suffice to make the testimony admissible? The answer to this question is 'no'; if it were otherwise the parol evidence rule would become a mockery, because all a party to the written contract would have to do to avoid, modify or nullify it would be to aver (and prove) that the false representations were *fraudulently* made."

432 Pa. at 507–08, 248 A.2d at 22–23 (quoting *Bardwell,* 375 Pa. at 506–07, 100 A.2d at 104 (emphasis in original)). See also *Steuart v. McChesney,* 498 Pa. 45, 48–49, 444 A.2d 659, 661 (1982) ("[T]he intent of the parties to a written contract is to be regarded as being embodied in the writing itself . . . .").

Here, HCB's claims relate to subjects that were specifically addressed in the written contract. The plain language of the contract, in fact, negates HCB's assertions regarding the rights of owners to transfer their interests and associated oral representations. The "Waiver of Liens" provision expressly contemplates that the owners may transfer their interests to new owners who shall enjoy the benefits of the lien waivers. It states: "This Agreement waiving the right of lien shall be an independent covenant . . . and shall be enforceable by Owner and such Other Owners, or any of them, and their respective successors and assigns." In addition, the integration clause of the contract expressly overrides all prior oral representations, stating: "This Contract represents the entire and integrated agreement between the parties hereto and

supersedes all prior negotiations, representations, or agreements, whether written or oral."

HCB does not aver that the owners' oral representations concerning continued ownership were fraudulently, or by accident or mistake, omitted from the written contract. Under *Nicolella*, therefore, HCB has not set forth a claim which would allow it to avoid the waivers of mechanics' liens set forth in the integrated written contracts.

We find no merit in HCB's argument that certain decisions of this Court that preceded *Nicolella*, and which allegedly represented a less stringent application of the parol evidence rule, are controlling here. Specifically, HCB cites *Berger v. Pittsburgh Auto Equipment Co.*, 387 Pa. 61, 127 A.2d 334 (1956) and its progeny, e.g., *Nadolny v. Scoratow*, 412 Pa. 488, 195 A.2d 87 (1963) and *Highmont Music Corp. v. J.M. Hoffmann Co.*, 397 Pa. 345, 155 A.2d 363 (1959). Plainly *Nicolella*, which is the more recent decision, and which is directly on point, controls. Further, the decisions cited by HCB, including *Berger, Nadolny, Highmont Music Corp.*, and certain decisions of the Superior Court,* may be distinguished as dealing with an exception to the strict application of the parol evidence rule in sales and leases of real property where oral representations regarding a lack of physical defects in the property were made and the purchaser or lessee was not able to discover, through visual inspection, that the representations were false. Under the facts of the present case, where the contract was not one for the sale or lease of real property, the validity of such an exception is not at issue and the cited cases are simply inapposite.

In short, the controlling precedent is *Nicolella*, and, thereunder, dismissal of the lien claims of HCB was proper. The Superior Court properly affirmed.

Order affirmed.

* E.g., *LeDonne v. Kessler*, 256 Pa.Super. 280, 389 A.2d 1123 (1978); *National Building Leasing, Inc. v. Byler*, 252 Pa.Super. 370, 381 A.2d 963 (1977).

CAPPY, J., concurs in the result.

MONTEMURO, J., is sitting by designation.