CABOT OIL & GAS CORPORATION,
Plaintiff,

v.

Carol Manning JORDAN, Defendant.

Civil Action No. 3:09–CV–2143.

United States District Court,
M.D. Pennsylvania.

Feb. 12, 2010.

Danielle M. Mulcahey, Joseph T. Wright, Jr., Wright & Reihner, P.C., Scranton, PA, for Plaintiff.

Aleksandr Shubin, Matthew H. Simmons, Simmons and Associates, Bethesda, MD, Edmund J. Scacchitti, Law Office of Edmund J. Sacchitti, Scranton, PA, for Defendant.

### MEMORANDUM

RICHARD P. CONABOY, District Judge.

Here we consider whether to exercise jurisdiction over Plaintiff's Complaint for Declaratory Relief (Doc. 1) filed on November 3, 2009, pursuant to 28 U.S.C. §§ 2201 and 2202. Because this is a declaratory judgment matter, the Court issued a Scheduling Order (Doc. 3) on November 5, 2009, establishing a briefing and hearing schedule in order to facilitate an early resolution of the matter. The parties complied with the briefing schedule, and oral argument was heard on January 20, 2010, in Scranton, Pennsylvania.

Following oral argument, the Court reviewed the parties' written submissions, their oral presentations, and relevant case law. For the reasons discussed below, we conclude the best course of action is for the Court to decline jurisdiction of this declaratory action.

### I.  Background [1]

With this action Plaintiff requests the Court to declare that the Oil and Gas Lease between the parties, as well as the

---

1. We provide only brief background information intended to provide context for the discussion which follows.

Addendum thereto, are legally valid and binding between the parties. (Doc. 1 ¶ 20.) Plaintiff seeks this declaration in light of Defendant's return of the bonus check, Defendant claiming the Lease was invalid for three reasons: (1) the individual who notarized the documents was an agent of Cabot whose fee was contingent on the Lease being entered into, (2) Cabot's representatives made false representations to Jordan which induced her to enter into the agreement, and (3) the bonus payment was not timely and was not in the proper amount. (*See, e.g.,* Doc. 1 ¶ 15; Doc. 10 at 4.)

Defendant concedes that it appears the notarization is not invalid. (Doc. 10 at 3.) Therefore, the issues which we must consider are the propriety of rescission in the context of the allegedly fraudulent statements made by Cabot representatives, and the propriety of rescission based on the timeliness of the tender of consideration. For reasons discussed below, we focus on the former.

The claimed misrepresentations are (1) Plaintiff was told that Cabot would not pay any more than a one-eighth royalty to Susquehanna County landowners and Cabot in fact did pay more than that; (2) no landowner would be offered more than $500.00 per acre signing bonus; and (3) Plaintiff was told that if she did not enter into the lease, the gas under her property could be captured and removed via activity on neighboring properties. (Doc. 8 at 8; Doc. 10 at 4.) For purposes of argument, Plaintiff assumes these representations to be true and argues they do not render the lease invalid for two reasons: (1) any evidence of the alleged misrepresentations are barred by the parol evidence rule and the integration clause contained in the lease documents; and (2) the alleged statement regarding the "rule of capture" would not have been misrepresentation under Pennsylvania law. (Doc. 8 at 8.) Defendant maintains the "rule of capture" issue cannot be decided without discovery. (Doc. 10 at 4 n. 3) Defendant also asserts that Plaintiff is incorrect regarding the use of parol evidence under Pennsylvania law, arguing (1) Pennsylvania law allows evidence of the prior misrepresentations to be introduced in support of rescission of a contract and (2) this contract is not fully integrated. (Doc. 10 at 4–8.)

Defendant executed the lease documents on January 30, 2008. The documents consisted of the Oil and Gas Lease (Doc. 2 (Ex. 1)), the Addendum to Oil & Gas Lease (Doc. 2–2 (Ex. 2)), the Memorandum of Oil and Gas Lease (Doc. 2–3 (Ex. 3)), and the Consideration for Oil and Gas Lease (Doc. 2–8 (Ex. 4)).

The Oil and Gas Lease contains the following integration clause:

> This lease embodies the entire agreement between the parties and no representation or promise on behalf of either party shall be binding unless contained herein or mutually agreed to in writing by all parties hereto. This agreement shall be binding upon each Lessor who shall execute the same and upon Lessee from and after the date of delivery to Lessee or its representative by the executing Lessor.

(Doc. 2 at 3 (Oil and Gas Lease ¶ 15).) The other documents executed by Defendant on January 30, 2008, do not contain an integration clause.

The Oil and Gas Lease also provides for a 1/8 royalty payment. (Doc. 2 at 2 (Oil and Gas Lease ¶ 3).) The Addendum to Oil and Gas Lease sets out how that royalty is to be paid. (Doc. 2–2 at 4 (Addendum to Oil and Gas Lease ¶ 26).) The amount of the bonus payment is contained in a separate document indicating Defendant is to be paid a bonus consideration of $110,500.00 for 221 gross acres. (Doc. 2–8 at 2.)

## II. Discussion

At the outset of our discussion, we note that although we have thoroughly reviewed relevant case law, we do not engage in a discussion of all of the intricacies of Pennsylvania law on this matter, nor do we focus on the parties' specific arguments. Rather, because we conclude the best course is to decline jurisdiction of this declaratory judgment action, this discussion concentrates on our reasons for doing so.[2]

█ "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The Third Circuit Court of Appeals has noted that federal courts should hesitate in exercising jurisdiction over declaratory judgment actions "when the state law involved is close or unsettled." *State Auto Insurance Companies v. Summy*, 234 F.3d 131, 135 (3d Cir.2001). *Summy* cautioned that district courts "should give serious consideration to the fact that they do not establish state law, but are limited to predicting it," a consideration especially important in insurance coverage cases but not confined to that category of cases. *Id.*

█ Upon thorough analysis of the parties' arguments and relevant case law, the Court concludes that important issues raised in this action are matters which have not been settled under Pennsylvania law. In particular the claimed misrepresentations give rise to the question of whether the agreement should be rescinded based on fraudulent inducement. This

question in turn raises the issue of the operation of the parol evidence rule in Pennsylvania regarding claims of fraud in the inducement. While Pennsylvania courts have extensively discussed the operation of the parol evidence rule related to such claims, their pronouncements on the matter are far from clear.

A case on which Pennsylvania courts continue to rely is *Bardwell v. Willis Co., Inc.*, 375 Pa. 503, 100 A.2d 102 (1953). *See, e.g., Toy v. Metropolitan Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 193, 205, 206 (2007). In *Bardwell,* the Pennsylvania Supreme Court discussed the operation of the parol evidence rule.

Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of the parties, the law is now clearly and well settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify or supersede the written contract is inadmissible in evidence.

*Id.* at 104 (internal citations and footnote omitted). We note that *Bardwell* sets out the requirements in the conjunctive, i.e., for the parol evidence rule to apply, the alleged prior or contemporaneous oral representations or agreements must concern a subject specifically dealt with in the written contract, *and* the written contract must be fully integrated. *Id.* Thus, according to *Bardwell,* the existence of an integration clause does not necessarily resolve the operation of the parol evidence rule where the subject of the oral representations is not specifically dealt with in the written agreement(s).[3]

---

**2.** We further note that the "rule of capture" matter and the timeliness of the payment of consideration are issues which cannot be decided without discovery. We do not further

discuss these issues based on our decision to decline jurisdiction.

**3.** The vitality of the Pennsylvania Supreme Court's two-fold requirement was noted by

In *Berger v. Pittsburgh Auto Equipment Company*, 387 Pa. 61, 127 A.2d 334 (1956), the Pennsylvania Supreme Court did not mention its earlier *Bardwell* decision and held that "a misrepresentation of a material fact, even though innocently made, if relied upon by the other party as intended that it should be, confers upon the latter the right to rescind the contract when the falsity of the representation is discovered." *Id.* at 335 (citation omitted).

In a later case addressing the parol evidence rule, the Pennsylvania Supreme Court relied on *Bardwell* with no mention of its intervening *Berger* decision in a case where the plaintiff sought to vary the terms of an integrated agreement by prior or contemporaneous oral agreements. *See Nicolella v. Palmer*, 432 Pa. 502, 248 A.2d 20, 22–23 (1968); *see also Toy*, 928 A.2d at 205 ("any evidence of previous negotiations or agreements between the parties . . . to vary or explain those terms as expressed in the . . . Agreement was barred from admission"). It should be noted that these cases looked at *varying* terms of the contract rather than rescission which was what the court considered in *Berger*.

The *Bardwell/Berger* dichotomy and the vitality of the latter have been noted and discussed by many courts, including the Pennsylvania Superior Court in *1726 Cherry St. Partnership v. Bell Atlantic Properties*, 439 Pa.Super. 141, 653 A.2d 663, 666–67 (1995), and the Pennsylvania Supreme Court in *HCB Contractors v. Liberty Place Hotel Associates*, 539 Pa. 395, 652 A.2d 1278, 1280 (1995). Following a lengthy discussion of the state of parol evidence law in Pennsylvania, *1726 Cherry Street* provides an apt summation: "Our examination of the pertinent cases has led us reluctantly to conclude that no intellectually sound analysis of the cases can yield a perfectly consistent set of principles." 653 A.2d at 668.

*HCB Contractors* (decided by the Pennsylvania Supreme Court the same day as the Superior Court decided *1726 Cherry Street*) provides some clarification of the apparent conflict. The court discussed application of a standard less stringent than *Bardwell* such as that set out in *Berger* and concluded that *Berger* and similar cases deal with "an exception to the strict application of the parol evidence rule in sales and leases of real property where oral representations regarding lack of physical defects in the property were made and the purchaser or lessee was not able to discover, through visual inspection, that the representations were false." 652 A.2d at 1280.

While this clarification may be helpful in some cases, it does not resolve the question of whether claims of fraudulent inducement based on misrepresentation not related to subjects specifically addressed in the written contract are barred by the parol evidence rule. *See, e.g. HCB Contractors*, 652 A.2d at 1279. This requirement is routinely included in the statement of the rule: "Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements *involving the same subject matter as the contract* is almost always

the Second Circuit Court of Appeals in *Wall v. CSX Transportation, Inc.*, 471 F.3d 410, 419 (2d Cir.2006) (recognizing that some lower Pennsylvania courts appear to bar parol evidence even when the subject matter of the allegedly fraudulent statements was not addressed in the written agreements and that this application of the rule is at odds with Pennsylvania Supreme Court precedent) (citing *Heritage Surveyors & Eng'rs, Inc. v. Nat'l Penn Bank*, 801 A.2d 1248, 1252 (Pa.Super.2002); *Greylock Arms, Inc. v. Kroiz*, 879 A.2d 864, 868 (Pa.Commw.2005)). *Wall* notes the doubtful precedential value of *Heritage* in light of the Pennsylvania Superior Court decision in *Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1184–85 (Pa.Super.2005).

inadmissible to explain or vary the terms of the contract." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 854 A.2d 425, 436 (2004) (*citing Bardwell*, 100 A.2d at 104) (emphasis added). Pennsylvania Superior Court cases confirm the required relationship between the allegedly fraudulent representations and the terms of the contract: parol evidence is inadmissible "where the contract contains terms that deny the existence of representations regarding the subject matter of the alleged fraud." *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 546 (Pa.Super.2005); *see also Blumenstock v. Gibson*, 811 A.2d 1029, 1036 (Pa.Super.2003).

These cases seem to indicate that the operation of the parol evidence rule in the context of a claim for fraudulent inducement continues to involve a twofold inquiry, i.e, whether the contract is fully integrated and whether the subject of the alleged misrepresentation is a subject covered in the contract. *See supra* p. 476(noting *Bardwell's* dual requirement). However, some courts interpret Pennsylvania precedent to bar a claim for fraudulent inducement even if the subject matter of the claimed misrepresentations is not covered in the agreement. *See, e.g., Audiotext International, Ltd. v. Sprint Communications Co., Inc.*, No. 03–CV–2110,

2006 WL 1490129, at *5 (E.D.Pa. May 26, 2006); *Titelman v. Rite Aid Corp.*, No. Civ. A. 00–2865, 2002 WL 32351182, at *2 (E.D.Pa. Feb. 5, 2002).

The integration-only requirement is not directly supported by any recent Pennsylvania Supreme Court case. *See, e.g., Yocca*, 854 A.2d at 436–37. However, general pronouncements made by the Pennsylvania Supreme Court do little to clarify how claims for fraudulent inducement such as those made in this case would be decided.

> [W]hile parol evidence may be introduced based on a party's claim that there was fraud in the execution of a contract, i.e., that a term was fraudulently omitted from the contract, parol evidence may not be admitted based on a claim that there was fraud in the inducement of the contract, i.e., that an opposing party made false representations that induced the complaining party to agree to the contract.

*Toy*, 928 A.2d at 205 (internal quotation omitted) (*citing Yocca*, 854 A.2d at 437 n. 26; *HCB Contractors*, 652 A.2d at 1279; *Bardwell*, 100 A.2d at 104).

Given the state of the law in Pennsylvania concerning the matters at issue here, we decline jurisdiction of this action brought pursuant to the Declaratory Judgment Act.[4] In making this determination,

---

**4.** A broad application of the parol evidence rule in this declaratory judgment context is also unwarranted given the discussion in *1726 Cherry Street* of the merits of the rule stated in the Restatement (Second) of Contracts § 214 (a rule to date not adopted by the Supreme Court of Pennsylvania).

> Given a tabula rasa, we might agree ... that the better view would permit parol evidence to avoid a contract fraudulently induced. To shield a party from the consequences of his or her fraud cannot be justified by the argument that to admit parol evidence erodes certainty in contractual relations. The Restatement (Second) of Contracts § 214 recognizes the admission of parol evidence where fraud is alleged:

> "Agreements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish ... (d) illegality, fraud, duress, mistake, lack of consideration or other invalidating cause...." *Id.*, Comment c: "What appears to be a complete and binding integrated agreement may be ... voidable for fraud.... Such invalidating causes need not and commonly do not appear on the face of the writing. They are not affected even by a 'merger' clause."

653 A.2d at 670. *1726 Cherry Street* further notes that this section of the Restatement has been interpreted to permit the admission of parol evidence to prove fraud in the inducement. 653 A.2d at 670 n. 7.

the Court is cognizant of the broader context in which the dispute at issue arises, that is, the widespread leasing of lands in Northeastern Pennsylvania for the purpose of exploration for natural gas in the Marcellus Shale formation which underlies this region. The potential impact of this exploration activity is not limited to the individual landowners and lessee corporations, but extends to general concerns about natural resources and environmental matters. Therefore, any decision about corporate practices and/or landowner responsibility has potential broad impact on the matters of state law presented and the state courts should make such vital determinations.

### III. Conclusion

Pursuant to the discretion afforded the Court under the Declaratory Judgment Act, we conclude in this situation it is appropriate to decline the exercise of jurisdiction. An appropriate Order follows.

### MEMORANDUM

AND NOW, THIS 12th DAY OF FEBRUARY 2010, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. The Court declines jurisdiction over Plaintiff's Complaint for Declaratory Relief (Doc. 1);

2. Plaintiff's action filed pursuant to 28 U.S.C. §§ 2201 and 2202 is dismissed without prejudice.